## Beckford *v.* Review Publishing & Printing Company, Appellant.

*Appeal — Review — Trial by court without a jury — Municipal Court of Philadelphia.*

The Superior Court will not review a judgment of the Municipal Court of Philadelphia County in a case tried by the court without a jury where no abuse of discretion is shown on the part of the trial judge.

In an action for breach of contract a question as to the measure of damages raised in the appellate court will not be considered, where the record shows that no such question was raised in the trial court.

Argued Dec. 15, 1915.   Appeal, No. 350, Oct. T., 1915, by defendant, from judgment of the Municipal Court Philadelphia Co., Jan. T., 1915, No. 102, for plaintiff on case tried by the court without a jury in suit of William Hale Beckford v. Review Publishing and Printing Co. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit to recover damages for breach of contract for not printing and delivering to plaintiff a book according to a written agreement.

The case was tried by one of the judges of the Municipal Court of Philadelphia County without a jury.

Judgment was entered for plaintiff for $595.95.

A motion for judgment for defendant n. o. v. was dismissed.

*Error assigned* was in dismissing motion for judgment for defendant n. o. v.

*E. Cooper Shapley,* with him *Edwin C. Nevin,* for appellant.

Clinton A. Sowers, with him Robert M. Bernstein and Ernest M. Vale, for appellee.

OPINION BY TREXLER, J., May 8, 1916:

The single question raised by the assignments of error is that the trial judge who tried the case without a jury, erred in entering judgment for the plaintiff. Our inquiry is whether there is sufficient evidence to support the conclusion reached by the trial judge.

The plaintiff submitted to the president of the defendant corporation the manuscript of a book called "The Child's Crusade," and received an estimate in writing for its printing which was accepted by the plaintiff and the terms of payment arranged; one hundred dollars on delivery of the manuscript, one hundred dollars upon the completed proof of the entire book, and the balance on the delivery of the edition. The subscription list of the plaintiff was submitted to the defendant and the statement made to him that the book had to be out before Christmas as delivery before that time had been promised, and the defendant agreed to complete the job in time for such delivery. After various interviews between the parties, the plaintiff in attempting to carry out one of the several steps required for the completion of the work gave the defendant's officer an index which the latter declined to receive unless he was paid one hundred and fifty dollars. This was not in accordance with the agreement and the plaintiff had the undoubted right to refuse to make said payment, and thus to be coerced into paying a sum which was not due under the contract. The president of the defendant corporation stated that unless the above sum was paid he would distribute the type. He thus by his act terminated the contract. The plaintiff sought to have the work done for Christmas delivery, elsewhere, but failed. This brief reference to the facts, we think fully supports the judgment entered.

The question as to the proper measure of damages was not raised at the trial. The record shows that no points

were submitted. The plaintiff fixed his damages by the cost of the book, and the selling price of the same. Whether this was correct or not should have in the first instance been determined at the trial. It is now too late to raise it.

Judgment affirmed.